IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDUARDO JIMENEZ-VALENIA, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ORDER AND <br> MEMORANDUM DECISION <br><br><br> Case No. 2:11-CV-691-TC |

Eduardo Jimenez-Valenia has filed a timely motion under 28 U.S.C. § 2255 to set aside his conviction.[1] Mr. Jimenez-Valenia, proceeding *pro se*, claims that he received ineffective assistance of counsel, citing two alleged deficiencies in his trial attorney's representation. He first contends that his trial attorney was ineffective in "not understanding the difference between Rule 608(b) and the applicable Rule 613(b), and not requesting a ruling upon the Government's objection." (Mot. Vacate [Dkt. No. 1] at 11.) His second argument is that his trial attorney was ineffective when he "failed, at the minimum, to move for a mistrial in light of an obviously tainted jury due to the remarks made by [the] Court." (Id. at 12.)

The court recognizes that *pro se* litigants' pleadings should be construed more liberally

---

[1] Because the Tenth Circuit Court of Appeals, in affirming Mr. Jimenez-Valenia's conviction, described the factual and procedural background of this case, United States v. Jimenez-Valenia, 419 Fed. App'x 816, 817-20 (10th Cir. 2011), this court will give only those facts necessary to explain this decision.

than if outside counsel had drafted them.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Whitney v. N.M., 113 F.3d 1170, 1173–74 (10th Cir. 1997).  But even under this more lenient standard, Mr. Jimenez-Valenia's claims for relief are meritless.  For the reasons set forth below, Mr. Jimenez-Valenia's Motion to Vacate (Dkt. No. 1) is DENIED.

ANALYSIS

**Ineffective Assistance of Counsel**

To demonstrate ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency."  James v. Gibson, 211 F.3d 543, 555 (10th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  The standard applies to sentencing proceedings and plea hearings as well as at trial.  United States v. Glover, 97 F.3d 1345, 1349 (10th Cir. 1996).  To succeed on the deficiency prong, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  James, 211 F.3d at 555 (citing Strickland, 466 U.S. at 689).  "Judicial scrutiny of counsel's performance is highly deferential."  Id.  To succeed on the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  There is a strong presumption that counsel provided effective assistance, and a § 2255 petitioner has the burden of proof to overcome that presumption.  James, 211 F.3d at 555.

**Counsel's Misunderstanding of Rule 608(b) and Failure to Request a Ruling From the Court**

During trial, Nathan Frisbie, Mr. Jimenez-Valenia's cellmate, testified on the

Government's behalf.  He testified that Mr. Jimenez-Valenia had confessed to him that he had known about the secret compartment under the transmission and was getting paid to transport the drugs.  Mr. Jimenez-Valenia's attorney then moved to admit a signed statement by Mr. Frisbee describing Mr. Frisbie's theft of drugs from the jail's evidence locker.  The Government objected that this evidence was inadmissible under Rule 608(b).  The court sustained the objection.  Mr. Jimenez-Valenia's attorney stated that he was not offering the evidence under 608(b), but as impeachment evidence of a prior inconsistent statement.  The court excluded the statement, and Mr. Jimenez-Valenia's attorney made no further objection.  Mr. Jimenez-Valenia argues that his trial attorney's "failure to request the 608(b) ruling prohibited him from interrogating the contradictions between prior statements and present testimony as governed, not by Rule 608(b), but by the rules governing impeachment generally."[2]  (Mot. Vacate at 8.)

    Mr. Jimenez-Valenia raised this issue on direct appeal, though with a slightly different twist.  On appeal, Mr. Jimenez-Valenia claimed that the court erred by excluding impeachment evidence against Mr. Frisbie.  Now Mr. Jimenez-Valenia contends that his attorney was ineffective by failing to obtain a further ruling on this issue.  The Tenth Circuit found that Mr. Frisbie's statement, which the court excluded, was "simply unhelpful to the defense"—"it [did] not contain a smoking gun and [was] generally consistent with the testimony Frisbie gave."

---

[2] Mr. Jimenez-Valenia's exact argument is somewhat unclear.  He states that the court, in response to the Government's Rule 608(b) objection, "excluded evidence of Frisbie's prior statement without offering reasons."  (Mot. Vacate at 8.)  But he then argues that his attorney was ineffective in failing to obtain a ruling.  The court interprets Mr. Jimenez-Valenia's argument to be that his attorney was ineffective in failing to request clarification of the court's ruling under Rule 608(b) and to obtain a ruling under Rule 613.  Regardless of the precise formulation, Mr. Jimenez-Valenia's argument fails.

Jimenez-Valenia, 419 Fed. App'x at 822.  Because the statement would have had little probative value as impeachment evidence and any error did not have a "substantial influence on the outcome," the court did not overturn Mr. Jimenez-Valenia's conviction.  Id.  Mr. Jimenez-Valenia is precluded from now raising the issue in a petition for collateral review.  United States v. Cook, 997 F.2d 1312, 1318 n.6 (10th Cir. 1993).

**Counsel's Failure to Move for a Mistrial**

Mr. Jimenez-Valenia argues that his trial attorney should have made a formal motion for a mistrial after voir dire because the jury was "obviously tainted due to the remarks made by [the] Court."  (Mot. Vacate at 12.)  Mr. Jimenez-Valenia contends that as a result of this failure, the court "did not have benefit of a formal motion for a mistrial upon which to rule."  (Id.)

Again, Mr. Jimenez-Valenia raised a version of this issue on direct appeal.  On appeal, Mr. Jimenez-Valenia claimed that the court should have declared a mistrial when it became apparent that several of the potential jurors had interpreted statements by the court as implying that he was in the United States illegally.  The Tenth Circuit found that none of the empaneled jurors' responses indicated any inference that Mr. Jimenez-Valenia was in the country illegally.  Because it was not "clear or obvious" that the empaneled jury was biased, the Tenth Circuit did not overturn Mr. Jimenez-Valenia's conviction.  Jimenez-Valenia, 419 Fed. App'x at 821.  Again, Mr. Jimenez-Valenia is precluded from now raising the issue in a petition for collateral review.  Cook, 997 F.2d at 1318 n.6.

## CONCLUSION

For the foregoing reasons, Mr. Jimenez-Valenia's Motion to Vacate (Dkt. No. 1) is

DENIED.

DATED this 15th day of November, 2011.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge